**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR RENTERIA and DENISE RENTERIA, individually and in their capacities as Co-Trustees of the RENTERIA FAMILY TRUST,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>EUGENE CLEVELAND CANEPA, an individual,<br><br>　　　Defendant. | 3:11-cv-00534-ECR-CWH<br><br>**Order** |

　　Now pending is a Motion for Judgment on the Pleadings (#11) by Plaintiffs, Oscar Renteria and Denise Renteria ("Plaintiffs"), individually and in their capacities as Co-Trustees of the Renteria Family Trust, against Defendant, Eugene Cleveland Canepa ("Defendant").

　　The motion is ripe, and we now rule on it.


**I. Factual and Procedural Background**

　　Between September 20, 2006, and December 29, 2006, Plaintiffs, who are residents of Napa, California, issued a series of loans, evidenced by demand promissory notes, to an entity known as French Quarter, Inc. ("French Quarter") and its principal, Defendant, a resident of Nevada. (Compl. ¶¶ 1-4 (#1).) Both parties agree that

the aggregate principal amount on the loans was $845,000.  (Compl. ¶ 4 (#1); Pls.' Mot. for J. on the Pleadings, Ex. 1 (#11).)  Both parties further agree on the existence of the first four promissory notes, with principal amounts of $100,000, $70,000, $100,000, and $200,000, respectively.  (Compl. ¶ 4 (#1); Answer ¶ 4 (#8).)  Each of the first four notes has an interest rate of 12% per annum.  Plaintiffs allege the existence a fifth promissory note with a principal amount of $375,000 and a per annum interest rate of 10%, (Compl. ¶ 4 (#1)), which Defendant denies.  (Answer ¶ 4 (#8).)  Plaintiffs provide copies of all five promissory notes, signed by Defendant individually and by Defendant as President of French Quarter.  (Compl. Exs. 1-5 (#1).)  Each note provides that Defendant promises to pay Plaintiffs, on demand, the principal sum of the notes along with the accrued interest charges, with all payment going toward the accrued interest before the principal.  (Id.)  The notes further stipulate that Defendant must pay a 5% late charge if the notes are not timely paid as well as reasonable attorneys' fees in the event that Plaintiffs are required to bring suit to collect the money owed.  (Id.)

On April 9, 2007, Plaintiffs demanded that Defendant pay the notes.  (Id. Ex. 6 (#1).)  Plaintiffs allege that Defendant failed to pay the notes, amounting to a default under the notes' contracts and triggering a total of $44,250.00 in late fees.  (Id. ¶ 8.)  Defendant denies these allegations.  (Answer ¶ 8 (#8).)

On August 3, 2007, French Quarter filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  (Compl. ¶ 9 (#1).)  In August 2007, Plaintiffs, Defendant, French Quarter, and

2

others executed a settlement agreement resolving disputes between French Quarter, its creditors, and other parties. (Id. ¶ 10.) The settlement agreement gives Plaintiffs "an allowed unsecured claim against [French Quarter's estate] in the amount of $887,000 . . . without prejudice to [Plaintiffs] claiming any pre- or postpetition Interest and attorneys fees as allowed by the Bankruptcy Code." (Id. Ex. 7. pp.10-11)  The agreement further explains that "[t]he parties hereto agree, and [Defendant] further warrants and represents, that [Defendant] was a co-maker on [Plaintiffs' notes] in the amount of $845,000 and that these loans are valid and binding." (Id.)  Finally, the agreement provides that "[Plaintiffs] expressly reserve[] all rights and claims against [Defendant] for the full balance of [Plaintiffs' notes] including without limitation, unpaid principal, interest and attorneys fees." (Id.) The settlement was approved by the United States Bankruptcy Court for the District of Nevada on September 8, 2008. (Id. Ex. 8.)

On November 30, 2008, Plaintiffs filed a post-settlement claim against French Quarter, seeking a total of $1,158,216.48 in principal charges, interest accrued through August 3, 2007, late charges up to that date, and attorneys' fees. (Pls.' Mot. for J. on the Pleadings Ex. 1-A (#11).) On September 30, 2009, Defendant filed an objection to Plaintiffs' claim against French Quarter, objecting to the amount of the attorneys' fees as well as the accrual of postpetition interest. (Id. Ex. 1.)

In May 2010, the bankruptcy estate of French Quarter distributed $354,800 to Plaintiffs. (Id. ¶ 16.)  Plaintiffs allege that they applied this amount to the notes, covering the accrued

3

1  interest up to May 2010 as well as $4,146.85 of the late fees,
2  leaving approximately $38,103.15 in late fees. (Id. ¶ 16.) The
3  interest accrued on the notes from May 2010 through July 2011 is
4  approximately $115,767.12. (Id. ¶¶ 17-18.) Plaintiffs allege that
5  Defendant owes Plaintiffs $1,003,017.70, reflecting the principal,
6  $845,000, the interest accrued from May 2010 through July 2011,
7  $115,767.12, remaining late fees, $38,103.15, and attorneys' fees,
8  $4,147.43.
9      Plaintiffs filed their Complaint (#1) on July 26th, 2011.
10 Defendant filed his Answer (#8) on September 19, 2011. On October
11 12, 2011, Plaintiffs filed a Motion for Judgment on the Pleadings
12 (#11). Defendant has failed to file an opposition.

## II. Judgment on the Pleadings Standard

15     After the pleadings are closed but within such time as not to
16 delay the trial, any party may move for judgment on the pleadings.
17 FED. R. CIV. P. 12(c). "A judgment on the pleadings is properly
18 granted when, taking all the allegations in the pleadings as true,
19 the moving party is entitled to judgment as a matter of law." Milne
20 ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th
21 Cir. 2005) (internal quotation marks omitted).
22     The standard applied on a Rule 12(c) motion is similar to that
23 standard which is applied on Rule 12(b)(6) motions. See Dworkin v.
24 Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). As
25 with Rule 12(b)(6) motions, review on a motion pursuant to Rule
26 12(c) is normally limited to the pleadings. See Lee v. City of
27 L.A., 250 F.3d 668, 688 (9th Cir. 2001). The Court should assume

4

the allegations of the non-moving party to be true and construe them in the light most favorable to the non-moving party, and the moving party must clearly establish that no material issue of fact remains to be resolved. McGlinchey v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). Without more, "conclusory allegations . . . are insufficient" to defeat a motion for judgment on the pleadings. Id.

If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." Ritchie, 342 F.3d at 908.

### III. Discussion

#### A. Breach of Contract

Plaintiffs seek damages for a breach of contract by Defendant. "To succeed on a claim for breach of contract, the plaintiff must show that a contractual relationship existed between it and the defendant, and that the defendant materially breached a duty owed to the plaintiff under the contract." Chamani v. Mackay, 124 Nev. 1457, 238 P.3d 800, at *1 (Nev. 2008). See also Brown v. Kinross Gold U.S.A., Inc., 531 F. Supp.2d 1234, 1240 (D. Nev. 2008).

Defendant does not dispute the validity of the first four promissory notes. (Answer ¶ 4 (#8).) Nor is the validity of the

5

bankruptcy settlement agreement in contention. (Id. ¶¶ 10-15.) Defendant denies the existence of the fifth promissory note. (Id. ¶ 4.) However, Defendant admits the validity of a settlement agreement that states that he is responsible for $845,000 in loans, the aggregate total of all of the promissory notes detailed in Plaintiffs' Complaint, including the fifth note. (Compl. Ex. 7 pp.10-11 (#1).) Moreover, Defendant has provided this court no reason to doubt the authenticity of the fifth promissory note attached to Plaintiffs' Complaint. (Id. Ex. 5.) Defendant has made no plausible denial of the existence of a contract.

  Defendant's denial of a breach of contract is similarly implausible. Defendant denies that he failed to make any payments under the notes when they were first demanded, (Answer ¶ 8 (#8).), but, again, he admits the validity of a settlement stating that he is required to pay $845,000 plus accrued interest and attorneys' fees. (Id. ¶¶ 10-15.) Additionally, in his objection to Plaintiff's post-settlement claim against French Quarter for the full principal under the notes plus accrued interest and attorneys' fees, Defendant fails to contest the principal amount of $845,000 and disputes only the attorneys' fees and interest accrued after the petition for bankruptcy. (Pls.' Mot. for J. on the Pleadings Ex. 1 (#11).) Defendant also provides no evidence of any payment on his part. In short, none of Defendant's allegations attempting to dismiss his contractual obligations rise above the level of "conclusory allegations." McGlinchey, 845 F.2d at 810. This court therefore finds a breach by Defendant of the five promissory notes as well as the bankruptcy settlement agreement.

### B. Postpetition Interest

In his objection to Plaintiff's post-settlement claim against French Quarter, (Id.), Defendant objects to the "post-interest" claimed by Plaintiff, stating that such interest is "not provided for by the Bankruptcy Code. (Id.) "Post-interest," interest that accrues after a debtor has filed its petition for bankruptcy, is limited by 11 U.S.C. § 502(b)(2), which prohibits courts from allowing the accrual of postpetition interest upon objection by an interested party.[1]

Nonetheless, this court has held that §502(b)(2) "applies only to claims against the bankruptcy estate." In re Washington Group Intern., Inc., 460 B.R. 280, 288 (D. Nev. 2011). Accord In re El Paso Refining, Inc., 192 B.R. 144, 146 (W.D. Tex. 1996) ("Section 502(b)(2) only prevents unmatured interest from becoming an *allowed claim* against the debtor's *estate* . . . the obligation to pay interest vis-a-vis a guarantor is not tolled or eliminated by operation of section 502(b)(2)"); Bruning v. United States, 376 U.S. 358, 362 n.4 (1964) (explaining that claims do not lose their interest bearing quality during bankruptcy and that the rule against postpetition interest is a rule of liquidation practice designed to protect the interest of creditors, not a substantive law with a policy of relieving a debtor from its interest obligations). Because Defendant was not a debtor in French Quarter's bankruptcy

---

[1] 11 U.S.C. §502(b)(2) does not explicitly mention postpetition interest, instead referring to claims for "unmatured interest." However, "unmatured interest" has been interpreted to mean interest that "was not yet due and payable at the time the debtor filed its bankruptcy petition," exactly the type of postpetition interest Defendant contests before this court. In re Thrifty Oil Co., 249 B.R. 537, 543 (S.D. Cal. 2000).

proceedings, §502(b)(2) is inapplicable to him, and he is liable for the interest accrued during and after French Quarter's bankruptcy proceedings.

### C. Attorneys' Fees

Plaintiffs seek relief for a total of $1,003,017.70, with $845,000 as the principal, $115,767.12 in accrued interest, and $38,103.15 in remaining late fees, leaving a total of $4,147.43 for attorneys' fees. Under Nevada statutory law, parties are permitted to contractually provide for reasonable attorneys' fees in the event they are needed. N.R.S. § 18.010(1), (4); In re Dinan, 448 B.R. 775, 785 (9th Cir. 2011). Each promissory note between Plaintiffs and Defendant provides that, upon default, Defendant will be liable for reasonable attorneys' fees expended in collecting the money owed. (Compl. Exs. 1-5 (#1).)

In determining the reasonableness of attorneys' fees, a Nevada district court is "tempered only by reason and fairness." University of Nevada v. Tarkanian, 110 Nev. 581, 879 P.2d 1180, 1186 (Nev. 1994). "The court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount." Shuette v. Beazer Homes Holdings Corp., 121 Nev. 837, 124 P.3d 530, 549 (Nev. 2005). Courts should, however, consider the fees in light of certain factors, namely "the advocate's professional qualities, the nature of the litigation, the work performed, and the result." Id. at 549. See also Brunzell v. Golden Gate Nat. Bank, 85 Nev. 345, 455 P.2d 31, 33 (Nev. 1969).

Plaintiffs' attorneys are known professionals in the state of Nevada. The case at bar is a routine breach of contract case that

8

appears to have involved minimal discovery for Plaintiffs' attorneys.  Plaintiffs fail to provide any receipts or other documents to account for the money requested for attorneys' fees. The requested amount of attorney's fees, $4,147.43, 0.4 % of the total relief requested, appears reasonable, especially in light of the fact that Defendant has failed to provide any substantive evidence as to why the attorneys' fees are unreasonable and has failed to file a response to Plaintiffs' motion.  However, because Plaintiffs have failed to attach any documentation supporting their request for attorney's fees, we shall deny those fees at this time. Plaintiffs may submit a separate motion for attorney's fees.

### D. Unjust Enrichment

Plaintiffs further seek relief under a theory of unjust enrichment. (Compl. ¶¶ 41-47 (#1).)  The elements of unjust enrichment are "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment[;] and (5) an absence of a remedy provided by law." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1009 (9th Cir. 2010) (quoting Community Guardian Bank v. Hamlin, 182 Ariz. 627 P.2d 1005, 1008 (Ariz.App.1995)).  Plaintiffs have failed to allege that Defendant has been enriched and Plaintiffs have been impoverished by any amount exceeding the money accounted for under the breach of contract theory.  Unjust enrichment is therefore inapplicable because the damages sought under this theory are provided for by the breach of contract remedy granted to Plaintiffs.

9

### E. Money Lent and Money Had and Received

Plaintiffs seek relief under money lent and money had and received theories. (Compl. ¶¶ 28-40 (#1).) Both theories are common law remedies designed to provide relief for plaintiffs in the absence of a written contract. See generally Williams v. Glasgow, 1 Nev. 533, 536 (Nev. 1865) (holding that to qualify for relief under a money lent theory, a plaintiff need only prove "indebtednesss for money loaned at the defendant's request, the promise to pay, and the refusal to do so"); Kondas v. Washoe County Bank, 51 Nev. 134, 271 P. 465, 466 (Nev. 1928) ("[a]n action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over") (internal citations omitted). Because Plaintiffs are already entitled to recover the full contractual amount under a breach of contract theory, these additional theories are inapplicable.

## IV. Conclusion

Even construed in the light most favorable to Defendant, there remain no genuine issues of material fact in this case. This court finds Defendant liable for damages for breach of contract on five promissory notes owed to Plaintiffs in the amount of $998,870.27, reflecting the principal, $845,000, the interest accrued from May 2010 through July 2011, $115,767.12, remaining late fees, $38,103.15, without the requested attorneys' fees, $4,147.43. As Plaintiffs have obtained the full relief they are entitled to under a breach of contract theory, Plaintiffs are not entitled to further

10

relief under theories of unjust enrichment, money lent, or money had and received.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (#11) is GRANTED on the basis of breach of contract. Plaintiff shall be awarded the full contractual amount of $845,000, plus $115,767.12 in interest accrued between May 2010 and July 2011, and $38,103.15 in late fees.

**IT IS FURTHER ORDERED** that Plaintiffs may submit a Motion for Attorney's Fees in accordance with Rule 54.

The Clerk shall enter the judgment accordingly.

DATED: July 3, 2012.

_____
UNITED STATES DISTRICT JUDGE