Timothy A. Lukas, Esq. (SBN # 4678)
Stephan J. Hollandsworth, Esq. (SBN # 10085)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.); 775-786-6179 (fax)
tlukas@hollandhart.com
sjhollandsworth@hollandhart.com

*Attorneys for Plaintiff Oscar and Denise Renteria, and the Renteria Family Trust*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR RENTERIA and DENISE RENTERIA, individually and in their capacities as Co-Trustees of the RENTERIA FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>EUGENE CLEVELAND CANEPA, an individual,<br><br>Defendant. | CASE NO: 3:11-CV-00534-RCJ-CWH<br><br>**PLAINTIFFS' MOTION FOR CHARGING ORDER** |

Oscar Renteria and Denise Renteria individually and in their capacities as Co-Trustees of the Renteria Family Trust (collectively "Renteria"), by and through their undersigned counsel, respectfully submit their motion for an order charging the stock of judgment debtor, Eugene Cleveland Canepa ("Canepa"), in FQ Mens' Club, Inc., a Nevada corporation and Monkey Bars, Inc., a Nevada corporation, as well as charging Canepa's membership interest in Western Properties of Nevada, a Nevada limited liability company, with payment of the unsatisfied judgment against Canepa that was entered in this action.

///
///
///
///

This Motion is based upon the following Memorandum of Points and Authorities, the exhibits attached hereto and the pleadings and papers on file, and any argument of counsel as the Court may allow at the time of the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On July 26, 2011, Renteria filed their complaint in this matter, asserting claims related to Canepa's breaches of certain notes entered into between the parties dating back to 2006. Canepa, who was represented by counsel at the time, subsequently filed an answer. In light of Canepa's admissions in his answer and his acknowledgement in the Settlement Agreement that the notes were valid and binding, Renteria moved this Court for judgment on the pleadings on October 10, 2011. *See generally* Plaintiffs' Motion for Judgment on the Pleadings [Doc. 11]. Renteria's motion was unopposed, and this Court granted judgment on the pleadings on July 3, 2012. *See* July 3, 2012 Order [Doc. 12].

On or about July 3, 2012, judgment in the amount of $998,870.27 was entered against Canepa ("Judgment"). [Doc 13]. As of the date of this Motion, Canepa has failed to satisfy the Judgment. Canepa has also failed to file any motion to stay Renteria's execution on the Judgment.

During his recent judgment debtor examination on December 6, 2012, Canepa testified to having the following interests in several Nevada corporations and limited liability companies:

- FQ Men's Club, Inc. – 90 % ownership
- Monkey Bars, Inc. – 90 % ownership
- Western Properties of Nevada, LLC – greater than 90 % interest

*See* Deposition Transcript of Eugene Canepa, attached hereto as **Exhibit 1**. Accordingly, Renteria requests an order charging Canepa's stock in FQ Men's Club and Monkey Bars and further charging Canepa's membership interest in Western Properties of Nevada, LLC with payment of the unsatisfied Judgment that was entered in this action.

///
///

## II. LEGAL ARGUMENT

This Court may enter a charging order against the stock held by Canepa in each of the corporations identified above pursuant to NRS 78.746. The statute provides:

> 1. On application to a court of competent jurisdiction by any judgment creditor of a stockholder, the court may charge the stockholder's stock with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the stockholder's stock.
>
> 2. Subject to the provisions of NRS 78.747, this section:
>
>    (a) Provides the exclusive remedy by which a judgment creditor of a stockholder or an assignee of a stockholder may satisfy a judgment out of the stock of the judgment debtor. No other remedy, including, without limitation, foreclosure on the stockholder's stock or a court order for directions, accounts and inquiries that the debtor or stockholder might have made, is available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the corporation, and no other remedy may be ordered by a court.
>
>    (b) Does not deprive any stockholder of the benefit of any exemption applicable to the stockholder's stock.
>
>    (c) Applies only to a corporation that:
>
>       (1) Has fewer than 100 stockholders of record at any time.
>
>       (2) Is not a publicly traded corporation or a subsidiary of a publicly traded corporation, either in whole or in part.
>
>       (3) Is not a professional corporation as defined in NRS 89.020.
>
>    (d) Does not apply to any liability of a stockholder that exists as the result of an action filed before July 1, 2007.
>
>    (e) Does not supersede any written agreement between a stockholder and a creditor if the written agreement does not conflict with the corporation's articles of incorporation, bylaws or any shareholder agreement to which the stockholder is a party.
>
> 3. As used in this section, "rights of an assignee" means the rights to receive the share of the distributions or dividends paid by the corporation to which the judgment debtor would otherwise be entitled. The term does not include the rights to participate in the management of the business or affairs of the corporation or to become a director of the corporation.

Based on the foregoing, Renteria is entitled to an order charging Canepa's stock in FQ Men's Club and Monkey Bars with payment of the unsatisfied Judgment with interest.

In addition, the collection rights and remedies against an interest in a limited-liability company are governed by NRS 86.401, which statute "recognizes the charging order as a remedy

by which a judgment creditor of a member can seek satisfaction by petitioning a court to charge the member's interest with the amount of the judgment." *Weddell v. H2O, Inc.*, 271 P.3d 743, 749 (Nev. 2012). "A charging order directs the LLC to make distributions to the creditor that it would have made to the member." *Id.* "On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest with payment of the unsatisfied amount of the judgment with interest." NRS 86.401(1). Renteria is entitled to a charging order whereby distributions which ordinarily would be paid to Canepa are paid to Renteria until such time as Renteria's judgment is satisfied.

### III. CONCLUSION

Renteria respectfully requests the Court enter an order charging Canepa's stock in FQ Men's Club and Monkey Bars, and further charging Canepa's membership interest in Western Properties of Nevada, LLC with payment of the unsatisfied Judgment until such time as the Judgment is satisfied in full.

DATED this 17th day of December, 2012.

HOLLAND & HART LLP

/s/ Timothy A. Lukas
Timothy A. Lukas, Esq. (SBN # 4678)
Stephan J. Hollandsworth, Esq. (SBN # 10085)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.); 775-786-6179 (fax)
tlukas@hollandhart.com
sjhollandsworth@hollandhart.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Liz Ford, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Holland & Hart LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

I am readily familiar with Holland & Hart's practice for collection and processing of: HAND DELIVERIES, FACSIMILES and OUTGOING MAIL. Such practice in the ordinary course of business provides for the delivery or faxing and/or mailing with the United States Postal Service, to occur on the same day the document is collected and processed.

On December 17, 2012, I caused the foregoing **PLAINTIFFS' MOTION FOR CHARGING ORDER**, to be served by the following method(s):

☐ U.S. Mail: a true copy was placed in Holland & Hart LLP's outgoing mail in a sealed envelope addressed as follows:

☒ Electronic: filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

☐ Hand-Delivery: by providing a true and correct copy to Holland & Hart's runners with instructions to hand-deliver the same to the address shown below:

☐ Facsimile: by placing a true copy thereof in Holland & Hart's outgoing facsimiles with instructions to fax same to the numbers referenced below:

Del Hardy, Esq.
Stephanie Rice, Esq.
Hardy Law Group
96 & 98 Winter Street
Reno, Nevada 89503
Tel: 775-786-5800
Fax: 775-329-8282

Email: del@hardylawgroup.com
stephanie@hardylawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 17, 2012.

/s/ Liz Ford

5705181_1.DOCX