Timothy A. Lukas, Esq. (SBN # 4678)
Stephan J. Hollandsworth, Esq. (SBN # 10085)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.); 775-786-6179 (fax)
tlukas@hollandhart.com
sjhollandsworth@hollandhart.com

*Attorneys for Plaintiff Oscar and Denise Renteria, and the Renteria Family Trust*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR RENTERIA and DENISE RENTERIA, individually and in their capacities as Co-Trustees of the RENTERIA FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>EUGENE CLEVELAND CANEPA, an individual,<br><br>Defendant. | CASE NO:  3:11-CV-00534-RCJ-CWH<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CHARGING ORDER** |

Oscar Renteria and Denise Renteria individually and in their capacities as Co-Trustees of the Renteria Family Trust (collectively "Renteria"), by and through their undersigned counsel, hereby submit their reply in support of their Motion for Charging Order. This Reply is based on the following points and authorities. A proposed order granting the motion is attached hereto as **Exhibit 1** for the Court's convenience.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Under NRS 78.726 and NRS 86.401, this Court may charge Defendant Eugene Cleveland Canepa's ("Canepa") interest in his corporations and limited liability company. Nothing in Canepa's opposition refutes that. He simply does not—and cannot—oppose this Court's ability to impose a charging order against his interests in FQ Men's' Club, Inc.,

Monkey Bars, Inc., and Western Properties of Nevada, under NRS 78.726 and NRS 86.401. Those statutes plainly give this Court authority to charge Canepa's stock in FQ Men's Club and Monkey Bars and his interest in Western Properties of Nevada with payment of the unsatisfied amount of Renteria's judgment against Canepa. In his opposition to Renteria's Motion for Charging Order, Canepa attempts to confuse this clear issue with discussion of the ongoing bankruptcy of a separate entity, French Quarter, Inc., and federal tax liens. Neither of those, however, impacts this Court's ability to enter a charging order under NRS 78.726 and NRS 86.401.

## II.   ARGUMENT

Whether French Quarter, Inc. is still in bankruptcy and whether Renteria receives any further distribution therefrom is largely irrelevant to Renteria's efforts to execute on the judgment entered in this matter. First, French Quarter, Inc.'s bankruptcy is separate from this matter, which concerns collecting on this Court's judgment against Canepa individually for breaching a series of promissory notes he executed in Renteria's favor. Indeed, Renteria is not seeking a charging order with respect to French Quarter, Inc. Instead, he is seeking a charging order with regard to other, separate Canepa entities: FQ Men's Club, Inc., Monkey Bars, Inc., and Western Properties of Nevada.

Second, any possibility that Renteria receives a further distribution from the French Quarter, Inc., bankruptcy estate that might partially satisfy Canepa's indebtedness to him does not preclude this Court from entering a charging order now. That is, a charging order enforcing Renteria's ability to satisfy his judgment against Canepa out of Canepa's interest in various business entities would not somehow constitute a double recovery, as Canepa appears to suggest. It is simply another, statutorily-authorized means to enforce the judgment against Canepa in full. Third, and correspondingly, it is simply neither anticipated nor realistic that any further amount Renteria receives from the French Quarter, Inc., bankruptcy will satisfy his substantial judgment against Canepa.

With respect to the federal tax liens against Canepa and FQ Men's Club, Canepa argues that satisfying the federal tax liens from FQ Men's Club's assets is given priority over any

charging order entered in this case. However, the priority of federal tax liens in no way affects or even implicates this Court's statutory authority to enter orders charging Canepa's interest in FQ Men's Club. Any issue with respect to the priority of federal tax liens against FQ Men's Club's assets would not arise until after a charging order was issued and collections efforts were made thereunder. In short, Canepa's argument is premature. Besides, based on Canepa's supporting documentation the federal liens against FQ Men's Club are not recorded, potentially obviating any issues as to the priority interest in FQ Men's Club's assets.[1]

Finally, Canepa's opposition did not dispute that Renteria is statutorily-entitled to charging orders with respect to his interests in Monkey Bars, Inc., and Western Properties of Nevada.

### III. CONCLUSION

Accordingly, Renteria respectfully requests the Court enter an order charging Canepa's stock in FQ Men's Club and Monkey Bars, and further charging Canepa's membership interest in Western Properties of Nevada, LLC with payment of the unsatisfied Judgment until such time as the Judgment is satisfied in full.

DATED this 7th day of January, 2013.

HOLLAND & HART LLP

/s/ Timothy A. Lukas
Timothy A. Lukas, Esq. (SBN # 4678)
Stephan J. Hollandsworth, Esq. (SBN # 10085)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.); 775-786-6179 (fax)
tlukas@hollandhart.com
sjhollandsworth@hollandhart.com

*Attorneys for Plaintiffs*

---

[1] Consistent with his conduct throughout these supplemental proceedings, Canepa produced the Notices of Federal Tax Liens for the first time as exhibits to his opposition, notwithstanding that Renteria specifically <u>subpoenaed</u> these documents in conjunction with Renteria's judgment debtor examination.

# CERTIFICATE OF SERVICE

I, Cynthia L. Kelb, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Holland & Hart LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

I am readily familiar with Holland & Hart's practice for collection and processing of: HAND DELIVERIES, FACSIMILES and OUTGOING MAIL. Such practice in the ordinary course of business provides for the delivery or faxing and/or mailing with the United States Postal Service, to occur on the same day the document is collected and processed.

On January 7, 2013, I caused the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CHARGING ORDER**, to be served by the following method(s):

☐ U.S. Mail: a true copy was placed in Holland & Hart LLP's outgoing mail in a sealed envelope addressed as follows:

☒ Electronic: filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

☐ Hand-Delivery: by providing a true and correct copy to Holland & Hart's runners with instructions to hand-deliver the same to the address shown below:

☐ Facsimile: by placing a true copy thereof in Holland & Hart's outgoing facsimiles with instructions to fax same to the numbers referenced below:

Del Hardy, Esq.
Stephanie Rice, Esq.
Hardy Law Group
96 & 98 Winter Street
Reno, Nevada 89503
Tel: 775-786-5800
Fax: 775-329-8282

Email: del@hardylawgroup.com
stephanie@hardylawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on January 7, 2013.

/s/ Cynthia L. Kelb
Cynthia L. Kelb

5933425_1