UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR RENTERIA et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00534-RCJ-CWH |
| vs. ) | |
| ) | |
| EUGENE CLEVELAND CANEPA, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a breach of contract action to enforce five promissory notes due and owing.

Pending before the Court are a Motion for Charging Order (ECF No. 36), a Motion for Rule 11

Sanctions (ECF No. 39), and a Motion for Attorney's Fees (ECF No. 49). For the reasons given

herein, the Court grants the motions.

I.      FACTS AND PROCEDURAL HISTORY

In late 2006, Defendant Eugene Cleveland Canepa made five promissory notes to

Plaintiff the Renteria Family Trust (the "Trust") in the amounts of $100,000; $70,000; $100,000;

$200,000; and $375,000, signing them all in his individual capacity and as President of a

company called French Quarter, Inc. (*See* Promissory Notes, ECF Nos. 1-1).[1]  Defendant failed to

pay the notes upon demand in April 2007, and in August 2007, French Quarter filed for Chapter

_____

[1]Although Oscar and Denise Renteria are listed as Plaintiffs both in their individual
capacities and in their capacities as trustees of the Trust, it appears that they only have standing
to sue in the latter capacity, because the Trust is the payee of the notes.  The Rentarias resided in
California at the time the action was commenced, and Canepa resided in Nevada.

1  11 bankruptcy protection. (*See* Order, 2:20–26, July 3, 2012, ECF No. 12).  Plaintiffs, Defendant,

2  and French Quarter entered into a settlement agreement, which the bankruptcy judge approved,

3  permitting Plaintiffs an unsecured claim against French Quarter for $887,000 and agreeing that

4  Defendant was a co-maker of the notes in the total amount of $845,000, which notes remained

5  valid and binding, and that Plaintiffs reserved their rights to sue on them. (*See id.* 2:27–3:16).

6  The bankruptcy estate eventually distributed $354,800 to Plaintiffs in May 2010, which amount

7  covered accrued interest to that date, plus $4146.85 of the late fees, leaving $38,103.15 in late

8  fees and the entire principal amount. (*See id.* 3:25–4:2).

9          Interest continued to accrue, and Plaintiffs sued Defendant in another court of this

10  District, the Hon. Edward C. Reed, on July 26, 2011 for breach of contract, unjust enrichment,

11  money lent, and money had and received.  Plaintiffs moved for judgment on the pleadings.

12  Judge Reed granted the motion in part, ruling that Defendant was liable on all five promissory

13  notes for a total of $998,870.27, representing $845,000 in principal, $115,767.12 in interest from

14  the May 2010 bankruptcy distribution through the date of the Complaint, and $38,103.15 in yet-

15  unpaid late fees. (*See* Order 10).  Judge Reed refused to award attorney's fees at that time but

16  granted leave to Plaintiffs to file a later motion. (*See id.* 11).  Judge Reed also ruled that Plaintiffs

17  could not also recover under quasi-contractual theories, because there was a contract governing

18  the relationship.  The magistrate judge ordered Defendant to appear for a Rule 69 judgment

19  debtor exam at Plaintiffs' attorneys' law offices in Reno, Nevada at 9:00 a.m. on Monday,

20  November 12, 2012, reminding Defendant that failure to appear could constitute contempt of

21  court. (*See* Order, Oct. 15, 2012, ECF No. 26).  The Clerk has issued to the U.S. Marshal for the

22  District of Nevada a Writ of Execution (the "Writ") for a total of $1,000,295,51, which amount

23  includes $1425.24 of post-judgment interest at the federal rate of 0.21% per annum ($5.74 per

24  day) from the date of judgment through the date of the Writ. (*See* Writ, Mar. 8, 2013, ECF No.

25  48).  The case has since been reassigned to this Court.  Plaintiffs have filed a Motion for

1    Charging Order (ECF No. 36), a Motion for Rule 11 Sanctions (ECF No. 39), and a Motion for

2    Attorney's Fees (ECF No. 49).

3    **II.      DISCUSSION**

4         **A.      Charging Order**

5         Plaintiffs ask the Court to issue an order charging Defendant's stock in two Nevada

6    corporations, FQ Men's Club, Inc. and Monkey Bars, Inc., as well as Defendant's membership

7    interest in Nevada limited liability company Western Properties of Nevada, with payment of the

8    unsatisfied judgment.

9         Defendant responds that because federal tax liens were recorded against the assets at issue

10   before the judgment in this case was entered, the federal tax liens are prior and execution on the

11   judgment against those assets would be inappropriate.  Defendant attaches a Notices of Federal

12   Tax Lien ("NFTL") filed in Douglas County on October 11, 2010 containing five claims: one

13   against him personally pursuant to 26 U.S.C. § 6672 in the amount of $152,272.89, and four

14   against FQ Men's Club, Inc. itself pursuant to §§ 940 and 941 in the total amount of

15   $183,436.08. (*See* NFTL, Oct. 11, 2010, ECF No. 38-1).

16        Plaintiffs reply that these liens do not prevent the assets identified from being charged

17   with paying the judgment under state law.  The Court agrees with Plaintiffs that Defendant is not

18   himself in bankruptcy, and French Quarter's bankruptcy does not affect Defendant's own

19   immediate liability.  The Court also agrees that no controversy between Plaintiffs and the IRS is

20   before the Court.  It is only for this Court to determine whether the charging order requested is

21   available under state law, which it is. *See* Nev, Rev, Stat. §§ 78.746, 86.401.  If the IRS or the

22   entities to be charged wish to challenge Plaintiff's subsequent attempts to enforce the charging

23   order under federal priority statutes, that is a separate matter.

24        **B.  Rule 11 Sanctions**

25        Plaintiffs ask the Court to award sanctions against Defendant's counsel, Attorney Del

1   Hardy and Hardy Law Group, pursuant to Rule 11(b) based upon Defendant's filing of the

2   Motion to Set Aside Order/Judgment (ECF No. 31) without making a reasonable inquiry into the

3   factual contentions allegedly supporting Defendant's arguments and failing to withdraw it after

4   Plaintiffs brought its deficiencies in this regard to Defendant's attention.  The Court grants the

5   motion.  The Court notes that Judge Reed in his order denying the Motion to Set Aside

6   Order/Judgment (ECF No. 31) noted that the only putative basis therefore was testimony by a

7   witness in a separate case that he believed the settlement reached during the bankruptcy

8   proceedings prevented Plaintiffs from pursing an action on "the notes."  Judge Reed noted it was

9   clear that "the notes" referred to in that unrelated testimony were not the notes at issue in the

10   present case but notes that Defendant had made to other non-parties.  As Judge Reed noted, it

11   was clear that the settlement agreement specifically reserved Plaintiffs' rights to pursue the notes

12   against Defendant, and counsel had come forth with nothing rebutting this fact.

13         Defendant's response is unimpressive.  Defendant mostly complains that Plaintiffs'

14   counsel failed to provide the original $375,000 note for expert handwriting analysis.  But the

15   issue had already been decided under Rule 12.  Defendant's counsel had no right to demand

16   discovery that was no longer permitted and to use Plaintiffs' refusal to voluntarily acquiesce as

17   an excuse to file a motion for which they had no basis apart from speculation.

18         The Court finds that the claims made in the motion were both legally frivolous under

19   Rule 11(b)(2) and factually unsupported under Rule 11(b)(3).  Counsel failed to take advantage

20   of the "safe harbor" rule and withdraw the motion when opposing counsel contacted them by

21   letter, with the proposed present Motion for Sanctions attached.  The Court therefore will award

22   reasonable fees related to Plaintiffs' opposition of the original motion and litigation of the

23   present motion.  Counsel for Plaintiffs shall file an affidavit of attorney's fees supporting the

24   requested amount.  Plaintiffs shall have the burden of establishing that none of the requested fees

25   have already been awarded pursuant to the present separate Motion for Attorney's Fees (ECF No.

1  49).  If that is the case, counsel for Plaintiffs shall move to amend the present order to deny the

2  Motion for Rule 11 Sanctions (ECF No. 39) as moot, or to ask the Court to grant a different

3  remedy.

4  **C.  Attorney's Fees**

5  Finally, Plaintiffs have filed a Motion for Attorney's Fees (ECF No. 49).  Reasonable

6  attorney's fees are available under the terms of the notes themselves.  Judge Reed has already

7  determined that Plaintiffs are entitled to fees under the notes, and the Court will not upset that

8  clearly correct ruling.  However, he required Plaintiffs to re-file their motion in proper form

9  under the local rules.  Plaintiffs have now done so, and they request $12,677.50 in fees: (1) 5.8

10  hours for Attorney Lukas at an average rate of $417.59 per hour; (2) 38.1 hours for Attorney

11  Hollandsworth at an average rate of $235.13 per hour; (3) 7.9 hours for Paralegal Arnold at an

12  average rate of $160.25 per hour; and (4) 0.2 hours for Librarian Nelson at a rate of $155 per

13  hour.  The Court agrees that the full amount requested is warranted for the reasons given in the

14  motion.  Also, Defendant has not responded to the motion, and the response in approximately

15  two months late.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that the Motion for Charging Order (ECF No. 36), Motion

3   for Rule 11 Sanctions (ECF No. 39), and Motion for Attorney's Fees (ECF No. 49) are

4   GRANTED.

5        IT IS FURTHER ORDERED that Eugene Cleveland Canepa's stock in FQ Men's Club,

6   Inc. and Monkey Bars, Inc. is CHARGED pursuant to NRS section 78.746 to satisfy the

7   judgment entered in this case against him and in favor of the Renteria Family Trust.

8        IT IS FURTHER ORDERED that Eugene Cleveland Canepa's membership interest in

9   Western Properties of Nevada is CHARGED pursuant to NRS section 86.401 to satisfy the

10  judgment entered in this case against him and in favor of the Renteria Family Trust.

11       IT IS FURTHER ORDERED that attorney's fees are awarded in favor of the Renteria

12  Family Trust and against Eugene Cleveland Canepa in the amount of $12,677.50.

13       IT IS SO ORDERED.

14  Dated this 19th day of June, 2013.

15                                          _____
                                            ROBERT C. JONES
16                                          United States District Judge

17

18

19

20

21

22

23

24

25